1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Petitioner,<br><br>v.<br><br>JOSE HERNANDEZ,<br><br>Respondent. | Case No. 5:17-cv-00040-HRL<br><br>**ORDER FOR REASSIGNMENT TO A DISTRICT JUDGE**<br><br>**REPORT RECOMMENDATION RE PETITION TO ENFORCE IRS SUMMONSES**<br><br>Re: Dkt. No. 1 |

This matter is before the court on an order to show cause why respondent Jose Hernandez should not be required to comply with Internal Revenue Service (IRS) summonses. Because not all parties have consented to proceed before a magistrate judge, *see* 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the undersigned has prepared a report and recommendation as to the instant petition and directs the Clerk of the Court to reassign this case to a district judge. Based upon the record presented, as well as the discussion at the March 21, 2017 show cause hearing, this court recommends that the petition be GRANTED.

### BACKGROUND

According to the petition, the IRS is investigating the collection of respondent's tax liabilities for 2004-2007, 2009, and 2013-2015. (Pet. ¶ 3, Exs. A & B). The United States (petitioner) believes that Hernandez has possession and control of records, documents and other

1    information concerning the IRS's inquiry, as to which the IRS has no access, possession or

2    control.  (*See id*. ¶ 5).  As part of its investigation, petitioner served two summonses on

3    respondent; and, the record before the court shows that service properly was made pursuant to 26

4    U.S.C. § 7603.[1]  (*Id.* ¶ 6, Exs. A & B).  However, Hernandez did not appear or produce testimony

5    or records as requested by the summonses.  (*See id.*, ¶ 8).  By letter dated December 1, 2016,

6    respondent was given another opportunity to comply with the summonses by appearing for an

7    appointment with Revenue Officer Angela Phillips on December 20, 2016.  (*Id.* ¶ 9, Ex. C).

8    According to the petition, Hernandez has still not complied.  (*Id.* ¶ 10).

9        On January 5, 2017, petitioner filed the instant action to enforce the summonses.  This

10   court issued an order to show cause, setting a briefing schedule and a hearing for March 21, 2017.

11   (Dkt. 7).  The record shows that Hernandez was duly served with the verified petition and the

12   order to show cause on February 2, 2017.  (Dkt. 8).  However, the court received no written

13   response to the order to show cause, and Hernandez did not appear at the show cause hearing.

14                                          **DISCUSSION**

15       Under 26 U.S.C. § 7602(a), the IRS is authorized to issue a summons relevant to the

16   investigation of any taxpayer's liability.  Summons may be issued for the purposes of

17   "ascertaining the correctness of any return, making a return where none has been made,

18   determining the liability of any person for any internal revenue tax or . . . collecting any such

19   liability . . .."  26 U.S.C. § 7602(a); *see also Crystal v. United States*, 172 F.3d 1141, 1143 (9th

20   Cir. 1999) (quoting 26 U.S.C. § 7602(a)).  To enforce a summons, the IRS must first establish

21   "good faith" by showing that the summons (1) is issued for a legitimate purpose; (2) seeks

22   information relevant to that purpose; (3) seeks information that is not already in the IRS's

23   possession; and (4) satisfies all of the administrative steps set forth in the Internal Revenue Code.

24   *United States v. Powell*, 379 U.S. 48, 57-58 (1964).  "'The government's burden is a slight one,

25

26   _____

27   [1] Title 26 United States Code, Section 7603 provides that service of summons shall be made "by
     an attested copy delivered in hand to the person to whom it is directed, or left at his last and usual
     place of abode." 26 U.S.C. § 7603(a).  Further, "the certificate of service signed by the person
28   serving the summons shall be evidence of the facts it states on the hearing of an application for the
     enforcement of the summons."  *Id.*

United States District Court
Northern District of California

and may be satisfied by a declaration from the investigating agent that the *Powell* requirements have been met.'" *Crystal*, 172 F.3d at 1144 (quoting *United States v. Dynavac, Inc.*, 6 F.3d 1407, 1414 (9th Cir. 1993)). "The burden is minimal 'because the statute must be read broadly in order to ensure that the enforcement powers of the IRS are not unduly restricted.'" *Id.* (quoting *Liberty Fin. Servs. v. United States*, 778 F.2d 1390, 1392 (9th Cir. 1985)).

Once the government has met its burden in establishing the *Powell* elements, if the taxpayer chooses to challenge the enforcement, he bears a heavy burden to show an abuse of process or lack of good faith on the part of the IRS.  Indeed, "'[e]nforcement of a summons is generally a summary proceeding to which a taxpayer has few defenses.'" *Crystal*, 172 F.3d at 1144 (quoting *United States v. Derr*, 968 F.2d 943, 945 (9th Cir. 1992)).  "'The taxpayer must allege specific facts and evidence to support his allegations of bad faith or improper purpose.'" *Id.* (quoting *United States v. Jose*, 131 F.3d 1325, 1328 (9th Cir. 1997)).  As explained by the Ninth Circuit:

> The taxpayer may challenge the summons on any appropriate grounds, including failure to satisfy the *Powell* requirements or abuse of the court's process.  Such an abuse would take place if the summons had been issued for an improper purpose, such as to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation.  In addition, it has become clear since *Powell* that gathering evidence after having decided to make a recommendation for prosecution would be an improper purpose, and that the IRS would be acting in bad faith if it were to pursue a summons enforcement under these circumstances.  While neither the *Powell* elements nor the *LaSalle* requirements is an exhaustive elaboration of what good faith means, still the dispositive question in each case is whether the Service is pursuing the authorized purposes in good faith.

*Id.* at 1144-45 (internal quotes and citations omitted).

While the government's burden is not great, it is not necessarily satisfied by an agent's mere assertion of relevance.  *United States v. Goldman*, 637 F.2d 664, 667 (9th Cir. 1980).  Once a summons is challenged, it must be scrutinized by the court to determine whether it seeks information relevant to a legitimate investigative purpose, and the court may choose either to refuse enforcement or narrow the scope of the summons.  *Id.* at 668.

In the instant case, petitioner has met its burden of showing that the *Powell* elements have been satisfied, largely through the verification of the petition by Revenue Officer Phillips.  *See*

United States District Court
Northern District of California

3

*Crystal* 172 F.3d at 1144 (stating that it was undisputed that the special agent's declaration satisfied the *Powell* requirements and that the government therefore "established a prima facie case to enforce the summonses"); *Dynavac, Inc.*, 6 F.3d at 1414 (stating that the government's burden "may be satisfied by a declaration from the investigating agent that the *Powell* requirements have been met."); *United States v. Bell*, 57 F. Supp.2d 898, 906 (N.D. Cal. 1999) ("The government usually makes the requisite prima facie showing by affidavit of the agent.").

Here, the verified petition indicates that the IRS's investigation is being conducted for a legitimate purpose of ascertaining respondent's assets and liabilities as part of an effort to investigate federal tax liabilities for certain periods of time.  (Pet. ¶ 3).  The summonses are relevant to that purpose and asks respondent to appear and bring with him documents pertaining to his assets and liabilities (e.g., bank statements, checkbooks, canceled checks, saving account passbooks, and records or certificates of deposit).  (*See id.*, Exs. A & B).  The petition further indicates that the information is not already in the IRS's possession, that there has been no referral for criminal prosecution of this matter, and that all administrative steps required by the internal Revenue Code for the issuance of the summons have been taken.  (*Id.* ¶¶ 5, 7, 11-12).

Because petitioner has met its burden in establishing the *Powell* elements, the burden shifts to Hernandez to disprove the actual existence of a valid civil tax determination or collection purpose.  As discussed above, he did not file any response to the order to show cause and did not appear at the show cause hearing.  This court therefore finds that he has not met his burden of showing an abuse of process or lack of good faith on the part of the IRS and recommends that the verified petition to enforce the IRS summonses be granted.  In any event, at the motion hearing, petitioner advised that it has been in contact with Hernandez's accountant, who reports that Hernandez is willing to cooperate with the government to resolve this matter.

Based on the foregoing, this court ORDERS the Clerk of the Court to reassign this case to a district judge, with the RECOMMENDATION that the petition be granted and that an order be issued enforcing the IRS summonses and directing Hernandez to appear before the IRS on a date certain to provide testimony and produce the requested documents and records.

Any party may file objections to this report and recommendation with the district judge

within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P.

72.  Petitioner is directed to promptly serve a copy of this report and recommendation on Hernandez

and to file a proof of service with the court.

Dated:   March 21, 2017

_____
HOWARD R. LLOYD
United States Magistrate Judge

United States District Court
Northern District of California

5:17-cv-00040-HRL Notice has been electronically mailed to:

Thomas Moore      tom.moore@usdoj.gov, CaseView.ECF@usdoj.gov,
EDWARD.SOLIS@USDOJ.GOV, kathy.tat@usdoj.gov