UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 17-CV-00040-BLF |
|     Petitioner, ) | |
| ) | [proposed] ORDER FINDING RESPONDENT IN |
|   v. ) | CIVIL CONTEMPT |
| ) | |
| JOSE HERNANDEZ, ) | |
| ) | |
|     Respondent. ) | |
| ) | |

The United States seeks an order finding Respondent Jose Hernandez ("Respondent") in civil contempt based on his failure to comply with the Court's order requiring him to provide testimony and documents in response to two IRS summonses. ECF No. 16. Having considered the government's briefing, the relevant law, the January 11 and March 29, 2018, contempt show cause hearings, and the record in this case, the Court hereby finds Respondent in civil contempt. The Court imposes a daily fine of $50 per day beginning March 29, 2018.

I.    BACKGROUND

As part of an investigation into Jose Hernandez's tax liabilities for 2004-2007, 2009, and 2012-2015, the IRS served two summonses on Respondent on September 30, 2016, that required Respondent to appear before the IRS on October 31, 2016 to give testimony and produce documents related to the investigation. ECF No. 1 ("Pet.") at ¶¶ 3, 6. The record before the Court shows that service was properly

made pursuant to 26 U.S.C. § 7603, which requires service "by an attested copy delivered in hand to the person to whom it is directed, or left at his last and usual place of abode." The IRS left the summonses at Respondent's "last and usual place of abode." Pet. ¶ 6. However, Respondent did not appear on October 31, 2016 or produce testimony or records as requested by the summonses. Pet. ¶¶ 8, 10.

By letter dated December 1, 2016, Respondent was given another opportunity to comply with the summonses by appearing for an appointment with Revenue Officer Phillips on December 20, 2016. Pet. ¶ 9. Respondent did not comply. Pet. ¶ 10. On January 5, 2017, Petitioner filed the instant action to enforce the summonses. *See* Pet. On January 30, 2017, the Court issued an order to show cause and set a briefing schedule and a hearing for March 21, 2017. ECF No. 7. The record shows Respondent was served with the verified Petition and the order to show cause on February 2, 2017. ECF Nos. 8, 26. However, the Court received no written response to the order to show cause, and Respondent did not appear at the show cause hearing. ECF No. 9.

On March 21, 2017, the court entered an order for reassignment and a recommendation report that the summonses be enforced. ECF No. 10. On March 22, 2017, the order was personally served on Respondent Jose Hernandez. ECF No. 12. On April 10, 2017, the Court issued an order adopting the recommendation report and on April 12, 2017, it issued its Order Requiring Respondent to Appear before Revenue Officer to Give Testimony and Provide Items Described in Summonses. ECF Nos. 13, 16. The order directed Respondent to appear before Revenue Officer Phillips to give testimony and produce records as demanded by the summonses. ECF No. 16. On April 12, 2017, via first class mail, Respondent was served with the order adopting the report and the order requiring him to appear before the IRS agent and comply with the summonses. ECF No. 17.

On June 2, 2017, in response to Respondent's failure to comply with the order requiring him to appear, testify, and produce records, the United States filed an Application for Entry of Order to Show Cause Re: Contempt, ECF No. 18 ("Application"), and served Respondent with the Application, ECF No. 21.

On June 7, 2017, the Court issued an Order to Show Cause Re: Contempt. ECF No. 22. On August 2, 2017, the issued an Amended Order to Show Cause Re Contempt that required the Respondent to appear before the court and show cause of any why he should not be held in contempt for his failure to comply with the Court's April 12, 2017, order requiring him to give testimony and produce records to the IRS. ECF 28.

On April 12, 2017, via first class mail, the Amended Order to Show Cause Re Contempt was served on the Respondent. ECF No. 28-1.

Respondent appeared at the January 11, 2018, show cause hearing. The Respondent provided some records to the United States, but did not provide all of the required records or any of the required testimony. The parties agreed to continue the show cause hearing until March 29, 2018, to allow Respondent additional time to comply with the order requiring testimony and production of records. Thereafter, the Court entered an order continuing the matter until March 29, 2018. ECF No. 31. That order required Respondent to appear in court for the continued show cause hearing unless the Court vacated the matter, and informed him that he would be subject to a $50 per day fine for noncompliance if he did not show cause for his noncompliance at the March 29, 2018 hearing. ECF No. 31. On January 12, 2018, via first class mail, the order continuing the amended show cause re: contempt hearing was served on Respondent. ECF No. 31-1.

Respondent did not appear at the hearing on March 29, 2018. ECF No. 33. At that hearing, the United States informed the Court that Respondent had not fully complied with the summonses.

## II. LEGAL STANDARD

A district court has the inherent authority to enforce compliance with its orders through a civil contempt proceeding. *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827-28 (1994). Civil contempt consists of a party's disobedience of "a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006). The contempt "need not be willful; however, a person should not be held in contempt if his action appears to be based on a good faith and reasonable interpretation of the court's order." *Id.* (internal citations and quotation marks omitted). Substantial compliance also is a defense to civil contempt—"[i]f a violating party has taken all reasonable steps to comply with the court order, technical or inadvertent violations of the order will not support a finding of civil contempt." *Gen. Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1379 (9th Cir. 1986) (internal quotation marks and citation omitted). Thus, the party alleging civil contempt must demonstrate by clear and convincing evidence that (1) the contemnor violated a court order, (2) the noncompliance was more than technical or de minimis, and (3) the contemnor's conduct was not the product of a good faith or reasonable interpretation of the violated order. *See United States v. Bright*, 596 F.3d 683, 694 (9th Cir. 2010); *United States v. Ayres*, 166 F.3d 991, 994 (9th Cir. 1999); *see also Inst. of*

*Cetacean Research v. Sea Shepherd Conservation Society*, 774 F.3d 935, 945 (9th Cir. 2014).

"Civil contempt is characterized by the court's desire to compel obedience to a court order or to compensate the contemnor's adversary for the injuries which result from the noncompliance." *Bright*, 596 F.3d at 695-96 (internal quotation marks omitted). "Given the remedial purpose of the sanction, a finding of contempt must be accompanied by conditions by which contempt may be purged, spelled out in either the original order or the contempt order." *Id.* at 696 (internal citations omitted). "Moreover, although the district court generally must impose the minimum sanction necessary to secure compliance, the district court retains discretion to establish appropriate sanctions." *Id.* (internal citations omitted). The Court also has the authority to issue a bench warrant if necessary to enforce compliance. *See United States v. Rylander*, 460 U.S. 752, 761-62 (1983). However, coercive imprisonment must eventually end, even if the respondent does not comply. *See Lambert v. Montana*, 545 F.2d 87, 89 (9th Cir. 1976). Coercive confinement must end once the court determines confinement achieved any possible coercive effect and additional confinement would be punitive. *Id.*

**III.   DISCUSSION**

The government has met its burden to show that Respondent is in contempt of the Court's order enforcing the IRS summonses. First, the government has shown that Respondent was served with the Court's Order Requiring Respondent to Appear before Revenue Officer to Give Testimony and Provide Items Described in Summonses. ECF No. 17.  Second, the United States has shown the Respondent is in violation of the Court's order. *See Bright*, 596 F.3d at 694. On April 12, 2017, the Court ordered Respondent to appear before Revenue Officer Phillips on April 26, 2017 and provide the required records and give testimony. ECF No. 16. The United States established that Respondent did not provide all of the required records or the required testimony. Declaration of Thomas Moore. ECF No. 19.  In addition, there is no evidence that Respondent's failure to comply with the Court's order is the result of a good faith or reasonable interpretation of the order. *See Bright*, 596 F.3d at 694. Respondent appeared at the January 11, 2018, contempt show cause hearing, but only provided some of the required records and failed to show cause why he did not provide all of the required records or testimony.  Instead, the parties agreed to continue the hearing until March 29, 2018, so that Respondent might have additional time to comply with the summonses before the continued March 29, 2018, show cause hearing. ECF No.31.  Respondent failed to appear at the March

29, 2018, show cause hearing and has not shown cause why he should not be held in contempt for his failure to produce the required records or testimony. Accordingly, the Court finds Respondent is in civil contempt of the Court's April 12, 2017 Order Requiring Respondent to Appear before Revenue Officer to Give Testimony and Provide Items Described in Summonses. ECF No. 16.

The Court finds that coercive sanctions are both appropriate and necessary to ensure that Respondent complies with the summonses. "One of the paradigmatic civil contempt sanctions 'is a per diem fine imposed for each day a contemnor fails to comply with an affirmative court order.'" *Ayres*, 166 F.3d at 995 (quoting *Bagwell*, 512 U.S. at 827). The government has requested that the Court impose a daily fine of $50 per calendar day, which the Court finds reasonable and appropriate considering the circumstances. Respondent is to begin paying this fine starting on March 29, 2018. In the event Respondent does not fully comply with the summonses by giving all testimony and producing all documents in full compliance with the IRS summonses, Respondent must appear before this Court at 9 a.m. on May 17, 2018 for a status conference.

**IT IS SO ORDERED.**

_____
BETH LABSON FREEMAN
UNITED STATES DISTRICT JUDGE